UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER L. GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-11242-LTS |
| ) | |
| K MART CORP., ) | |
| ) | |
| Defendant. ) | |

ORDER ON DEFENDANT'S MOTION TO DISMISS

September 9, 2013

SOROKIN, C.M.J.

The Plaintiff, Jennifer L. Gomez, brings suit against the Defendant, K Mart Corporation, seeking damages for personal injuries she allegedly suffered when she fell as a result of the Defendant's negligence. Docket # 1. K Mart moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction, asserting that Gomez fails to meet the amount in controversy requirements of 28 U.S.C. § 1332(a). Docket # 12. For the following reasons, K Mart's motion is ALLOWED.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332 (a). Gomez is a citizen of Rhode Island. Docket # 1 at ¶ 2. K Mart is a Michigan corporation with a primary place of business in Illinois. Id. at ¶ 3.

1

Gomez bears the burden of establishing that the Complaint meets the amount in controversy requirement. Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir.2012) (citing Stewart v. Tupperware Corp., 356 F.3d 335, 337 (1st Cir.2004)). Gomez's Complaint alleges that she fell on a slippery floor and was "seriously injured," incurring past and ongoing "substantial medical expenses, physical pain and suffering, and mental anguish." Docket # 1 at ¶¶ 8, 10, 14. She also alleges that the "amount in controversy exceeds $75,000.00." Id. at ¶ 6.

"[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Abdel-Aleem, 665 F.3d at 41 (citing Stewart, 356 F.3d at 338). "Good faith is measured objectively; '[t]he question . . . is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth' more than the jurisdictional minimum." Id. (quoting Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir.1995) (quoting Jimenez Puig v. Avis Rent–A–Car Sys., 574 F.2d 37, 40 (1st Cir.1978))). With K Mart having challenged the amount, Gomez "has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id. at 42 (citing Stewart, 356 F.3d at 338 (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir.2001)) (emphasis added). Gomez's burden may be met by amending her pleadings or by submitting affidavits. Id. (citing Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir.1991)).

K Mart asserts that Gomez's Complaint does not meet the amount in controversy requirement because her medical bills (provided by Gomez's counsel to a claims adjuster) total $18,329 and because Gomez has not alleged permanent injury. Docket # 12 (citing Docket # 1,

Docket # 12-1).  Gomez points out that it is not her medical bills which must exceed $75,000.00, but rather her damages.  Docket # 13.  Her medical bills, she asserts, are "merely one component of the Plaintiff's damages.  There is the component of pain and suffering."  Docket # 13.

> Gomez's burden in the face of K Mart's motion challenging jurisdiction, however, is to present particularized facts (through amendment of the pleadings, or by affidavit) which demonstrate that it is not a legal certainty that the claim is worth less than the jurisdictional amount.  Abdel-Aleem, 665 F.3d at 42.  In response to the motion to dismiss, Gomez has submitted only an affidavit from counsel which merely presents the very same information (summarizing in table form Gomez's medical providers, treatment dates and bills) which K Mart had submitted in support of its motion.  Docket # 13-1.  Gomez's Counsel's affidavit does nothing to advance the argument that Gomez's pain and suffering or emotional distress may be of sufficient value to meet the jurisdictional amount.  The record as it stands does not even real the nature of Gomez's injury.[1]  There is no indication of what medical diagnoses Gomez received at any time, what her current prognosis is, nor are any facts presented concerning any emotional distress.  The Complaint's non-particularized claim of  "serious injuries" is insufficient to overcome the challenge presented by K Mart's motion.  See Abdel-Aleem, 665 F.3d at 42 (quoting Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1053 (5th Cir.1982) (where "party invoking the court's jurisdiction" was "put on notice ... by [the defendant's] motion to dismiss for lack of jurisdiction, that they needed to show some basis for the amount of damages they claimed," failure to do so resulted in proper dismissal by the district court)).

---

[1] The table reveals that at various times, Gomez has had her spine x-rayed, has had an MRI of her right shoulder and has had certain neurological testing conducted.  Docket # 13-1.  Gomez makes no representation as to the results of any of the testing.

Because in response to K Mart's motion to dismiss, Gomez has failed to show a particularized factual basis for the Complaint's assertion that her damages exceed the jurisdictional requirement, Defendant K Mart's Motion to Dismiss (Docket # 12) is ALLOWED and Gomez's Complaint is DISMISSED, WITHOUT PREJUDICE.

SO ORDERED.

    /s / Leo T. Sorokin
Chief United States Magistrate Judge